UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAUL PADULA, JOSEPH PADULA, and SHARON BELLENIS, | * * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 19-cv-11666-ADB |
| FREEDOM MORTGAGE CORPORATION, | * * * | |
| Defendant. | * * | |

# MEMORANDUM AND ORDER ON DEFENDANT'S MOTIONS FOR ATTORNEYS' FEES AND TO DISSOLVE THE MEMORANDUM OF *LIS PENDENS*

BURROUGHS, D.J.

Plaintiffs Paul Padula, Joseph Padula, and Sharon Bellenis (collectively, "Plaintiffs") brought suit against Defendant Freedom Mortgage Corporation ("Defendant"), alleging that Defendant violated the terms of an agreement with Plaintiffs by selling a home located in Weymouth, Massachusetts at auction, after allegedly promising to postpone the auction. [ECF No. 13 ("Am. Compl.")]. On July 17, 2020, the Court granted Defendant's special motion to dismiss the *lis pendens* action pursuant to Massachusetts General Laws Chapter 184, § 15(c) ("§ 15(c)") and dismissed Plaintiffs' amended complaint in its entirety. [ECF Nos. 24 (memorandum and order), 25 (order of dismissal)].

Currently before the Court are Defendant's motion for attorneys' fees, [ECF No. 26], and Defendant's motion to dissolve the Memorandum of *Lis Pendens*, [ECF No. 29]. Plaintiffs opposed both motions. [ECF No. 32, 33]. Defendant filed a reply, [ECF No. 37], and Plaintiffs filed a sur-reply, [ECF No. 40], in connection with the motion for fees.

For the reasons set forth below, Defendant's motion for attorneys' fees, [ECF No. 26], is <u>DENIED</u> and Defendant's motion to dissolve the Memorandum of Lis Pendens, [ECF No. 29], is <u>GRANTED</u>.

## I.     DISCUSSION

### A.     Motion for Attorneys' Fees

Defendant seeks attorneys' fees under § 15(c), which provides that courts granting § 15(c) motions to dismiss "shall award the moving party costs and reasonable attorneys fees, including those incurred for the special motion, any motion to dissolve the memorandum of *lis pendens*, and any related discovery." Mass. Gen. Laws ch. 184, § 15(c).

"A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A).

> Unless a statute or a court order provides otherwise, the motion must: (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B). These requirements, however, "do not apply to claims for fees and expenses as sanctions for violating [the Federal Rules of Civil Procedure]." Fed. R. Civ. P. 54(d)(2)(E). Plaintiffs argue that Defendant's motion for fees was not filed within fourteen days of the entry of judgment and therefore, under Federal Rule of Civil Procedure 54, Defendant's claim for fees is waived and, in any event, the motion is untimely. [ECF No. 32 at 2–3]. They argue further that even if the Court concludes that the motion is timely, the requested fees are excessive, for non-compensable work, and/or unsupported by contemporaneous time records. [<u>Id.</u> at 6–8]. In response, Defendant asserts that Rule 54's fourteen-day requirement is

inapplicable, [ECF No. 37 at 1–3], and that its request for fees was timely raised in its October 10, 2019 special motion to dismiss, [id. at 3–4]. Further, it maintains that its fee request is reasonable and supported by contemporaneous time records. [Id. at 5–7].

In federal court, even when a party's asserted right to recover attorneys' fees is based on state law, Rule 54 governs the procedure for seeking fees. Thomas & Betts Corp. v. New Albertson's, Inc., 210 F. Supp. 3d 282, 286 (D. Mass. 2016) (noting that, even when state law provides the substantive basis for recovery of fees, "Federal Rule of Civil Procedure 54(d)(2) provides the procedure for requesting attorney's fees"); see also Cheffins v. Stewart, 825 F.3d 588, 597 (9th Cir. 2016) ("Rule 54 provides a federal procedural mechanism for moving for attorney's fees that are due under state law." (quoting Med. Protective Co. v. Pang, 740 F.3d 1279, 1283 (9th Cir. 2013)); Kearney v. Foley and Lardner, 553 F. Supp. 2d 1178, 1186–87 (S.D. Cal. 2008) (noting that Federal Rule of Civil Procedure 54(d)(2)'s fourteen-day timing requirement was applicable even though fee application was based on California substantive law but granting defendants' motion for an extension of time because of excusable neglect); Clark v. Podesta, No. 15-cv-00008, 2017 WL 48555845, at *2 (D. Idaho Oct. 26, 2017) ("[T]he Federal Rules of Civil Procedure apply to determine questions of timely filing and the procedural standards for making motions for attorney fees—even if the basis for the motion and the award is found in state statute."); Schultz v. Ichimoto, No. 08-cv-00526, 2010 WL 4643648 (E.D. Cal. Nov. 9, 2010) (similar).

Judgment was entered in this case on July 17, 2020 when the Court issued its memorandum and order denying all relief, [ECF No. 24], and the deputy clerk entered the corresponding order of dismissal, [ECF No. 25]. See Fed. R. Civ. P. 58; see also [ECF No. 27 at 2 (Defendant acknowledging the Court's July 17, 2020 order as "the Judgment")]. Therefore, in

the absence of a statute or court order providing otherwise, Defendant was required to move for fees no later than July 31, 2020 (i.e., within fourteen days of July 17, 2020). Fed. R. Civ. P. 54(d)(2)(B)(i). Defendant did not move for fees until September 28, 2020, seventy-three days after the entry of judgment. See [ECF No. 26]. Defendant's motion was therefore not timely and its arguments to the contrary are unavailing.

      First, Defendant argues that Rule 54's fourteen-day requirement is inapplicable because of the exception for fees imposed as a sanction for violating the Federal Rules of Civil Procedure. [ECF No. 37 at 1–2]. The analysis goes something like this: although Defendant has not sought sanctions under the Federal Rules, the Court necessarily concluded that Plaintiffs' claims were frivolous by granting Defendant's § 15(c) special motion to dismiss. Accordingly, because Federal Rule of Civil Procedure 11 allows courts to sanction parties, including by awarding attorneys' fees, for advancing frivolous claims and Federal Rule of Civil Procedure 11 is analogous to Massachusetts Rule of Civil Procedure 11, which supplies the standard for frivolousness under § 15(c), the attorneys' fees Defendant seeks under § 15(c) are, in essence, a Rule 11 sanction and thus exempt from Rule 54's fourteen-day requirement. [Id. at 1–2]. Defendant cites no authority for the proposition that Rule 54's timing requirements are inapplicable to requests for attorneys' fees under § 15(c)[1] and the Court declines to rely on Defendant's complex and somewhat convoluted logic to endorse that proposition here. Rule 54 carves out "claims for fees and expenses as sanctions for violating [the Federal Rules of Civil

---

[1] In fact, in each of the cases cited by Defendant in this section of its brief, the prevailing party was required to seek fees quickly. See McMann v. McGowan, 883 N.E.2d. 980, 986 (Mass. App. Ct. 2008) ("The defendant may file a petition within fourteen days of the date of the rescript of this opinion . . . ."); Demoulas Super Markets, Inc. v. Ryan, 873 N.E.2d 1168, 1177 (Mass. App. Ct. 2007) ("The homeowners shall, within fifteen days, submit a statement of their attorney's fees and costs . . . .").

Procedure]" not claims for fees and expenses as sanctions for violating analogous state laws. Fed. R. Civ. P. 54(d)(2)(E).  Moreover, if the timing standards of Rule 54 are inapplicable to requests for fees under § 15(c), the request for fees could, in theory, be made years after the § 15(c) dismissal, which is clearly not contemplated by the statute.

Defendant next argues that Rule 54's fourteen-day requirement is inapplicable because "a statute . . . provides otherwise." Fed. R. Civ. P. 54(d)(2)(B); [ECF No. 37 at 3]. Namely, because Massachusetts General Laws chapter 184, § 15(d) provides thirty days for non-prevailing parties to appeal a § 15(c) dismissal ruling and it is "well-settled that the fee award required by Section 15(c) necessarily includes [appeal-related fees]," the statute therefore must contemplate fee motions filed more than fourteen days after the entry of judgment, making Rule 54(d)(2)(B)(i)'s time limitation inapplicable. [ECF No. 37 at 3]. Again, Defendant fails to identify any cases holding that Rule 54's timing requirements do not control requests for attorneys' fees under § 15(c). Even if § 15(c) implicitly contemplates motions for attorneys' fees more than fourteen days after judgment to allow parties time to appeal, that does not mean that a motion within fourteen days was not required. Defendant could have filed a motion for fees before July 31, 2020 and the Court could have then withheld a decision regarding fees pending resolution of any appeal and allowed an amendment if warranted. Moreover, even assuming Defendant is correct that § 15(c) permits prevailing defendants to wait until the thirty-day appeal period ends before seeking fees, Defendant has offered no explanation as to why it waited forty-three days after that thirty-day period ended to file its motion.

Finally, Defendant argues that it satisfied the requirements of Rule 54 in October 2019 when it sought attorneys' fees in the brief on its § 15(c) motion to dismiss. See [ECF No. 37 at 3–4]; see also [ECF No. 15-1 at 18–19 (seeking fees and costs and estimating the amount at

$12,236.57)]. Rule 54, however, requires the movant to "specify the judgment . . . entitling the movant to the award." Fed. R. Civ. P. 54(b)(2)(B)(ii). Defendant could not have specified the judgment entitling it to attorneys' fees in October 2019 because that judgment did not issue until July 17, 2020. Defendant's position that its brief is sufficient is undercut further by the fact that Massachusetts state courts routinely require defendants to file separate fee requests after they prevail on § 15(c) motions. See, e.g., Oranmore Enters., LLC v. Moawed Props., LLC, 147 N.E.3d 1103 (Mass. App. Ct. 2020) (appellate court requiring motion for appeal-related fees to be filed within fourteen days); Rudnick v. QBJKL, LLC, 104 N.E.3d 683 (Mass. App. Ct. 2018) (same); Cabral v. Drouin, No. 17-misc-000616, 2017 WL 5179119 (Mass. Land Ct. Nov. 8, 2017) (trial court granting § 15(c) motion and requiring fee motion within nine days); DeNormandie v. JW Capital Partners, LLC, No. 1984-cv-02663, 2019 WL 6492592 (Mass. Super. Ct. Oct. 2, 2019) (twenty-one days); Donius v. Milligan, No. 16-misc-000277, 2016 WL 4272329 (Mass. Land Ct. Aug. 15, 2016) (twenty-three days); Danvers-DCH, Inc. v. Hill, No. 052974, 2007 WL 1302607 (Mass. Super. Ct. Mar. 5, 2007) (thirty-nine days).

Despite the fact that its motion is untimely, Defendant argues that it is nonetheless entitled to fees because Plaintiffs have failed to demonstrate prejudice and a fee award under § 15(c) is mandatory. First, Plaintiffs are not required to demonstrate prejudice as Defendant is the party who filed an untimely motion.[2] Pursuant to Federal Rule of Civil Procedure 6(b), Defendant could have sought an extension either during or after the fourteen-day period but did

---

[2] Nevertheless, Plaintiffs have put forth arguments regarding prejudice. As they note, one of the purposes of Rule 54's fourteen-day requirement is "to assure that the opposing party is informed of the claim before the time for appeal has elapsed." Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment. Here, Plaintiffs contend that they relied on Defendant's failure to seek attorneys' fees in electing to forego an appeal. See [ECF No. 32 at 10 (affidavit of Plaintiff Bellenis)].

not do so.  Fed. R. Civ. P. 6(b).  Nor does it offer any compelling explanation for waiting until September 28, 2020 to request its fees.  See generally [ECF Nos. 27, 37].  Second, that fees are mandatory under § 15(c) does not excuse Defendant from timely seeking them.  For instance, while attorneys' fees are mandatory in certain circumstances pursuant to the Equal Access to Justice Act, the party seeking to recover them must still comply with the statutory deadline.  28 U.S.C. § 2414(d)(1)(A)–(B).

Accordingly, for the reasons outlined above, Defendant waived its claim for attorneys' fees by failing to timely file a motion, see Logue v. Dore, 103 F.3d 1040, 1047 (1st Cir. 1997), and its motion for fees, [ECF No. 26], is therefore DENIED.  Because the Court has denied Defendant's motion as untimely, it need not reach the issue of whether Defendant's requested fees are reasonable and adequately supported.

      B.      **Motion to Dissolve Memorandum of *Lis Pendens***

Defendant seeks to dissolve the Memorandum of *Lis Pendens* endorsed by the Court on September 27, 2019.  [ECF Nos. 29, 14].  Defendant acknowledges that the Court's July 17, 2020 order of dismissal is sufficient under Massachusetts state law to demonstrate that the action which was the subject of the *lis pendens* has been dismissed, see Mass. Gen. Laws ch. 184, § 15(d),[3] but nevertheless seeks a separate order dissolving the memorandum because the Court's July 17, 2020 order does not include a recording reference, see [ECF No. 30 at 3 n.8].

---

[3] The statute provides, in relevant part, that

> [t]he recording of an attested copy of the order or judgment or of the order of dissolution, in either case without a timely appeal therefrom being filed, or of a judgment dismissing the appeal, or the recording of a voluntary dismissal of the memorandum of lis pendens as provided in subsection (a), shall be conclusive evidence that the action or proceeding which was the subject of the memorandum of lis pendens does not affect the title to the real property or the use and occupation thereof or the buildings thereon.

Mass. Gen. Laws ch. 184, § 15(d).

Plaintiffs' sole argument in opposition to Defendant's motion is that it is "unnecessary" given the statute. [ECF No. 33 at 1].

Because a *lis pendens* is undoubtedly a cloud on title, see <u>In re Adamson</u>, 334 B.R. 1, 6 (Bankr. D. Mass. 2005), the Court is willing to do as Defendant asks for the sake of ensuring absolute clarity as to the status of the *lis pendens*. Accordingly, Defendant's motion to dissolve the Memorandum of *Lis Pendens*, [ECF No. 29], is <u>GRANTED</u>.

## II.     CONCLUSION

For the reasons noted above, Defendant's motion for attorneys' fees, [ECF No. 26], is <u>DENIED</u> and Defendant's motion to dissolve the Memorandum of *Lis Pendens*, [ECF No. 29], is <u>GRANTED</u>.

The Memorandum of *Lis Pendens* endorsed by the Court, [ECF No. 14], is hereby <u>DISSOLVED</u>.

**SO ORDERED.**

October 28, 2020                                                                      /s/ Allison D. Burroughs
                                                                                                 ALLISON D. BURROUGHS
                                                                                                 U.S. DISTRICT JUDGE